IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRENDA LEE DAWKINS,           )
                              )
            Plaintiff,        )
                              )
    v.                        )    1:16CV1320
                              )
JAY MILOJEVICH, KEN EMILIO,[1] )
and GOSPEL RESCUE MISSION,    )
                              )
            Defendants.       )

# MEMORANDUM OPINION AND ORDER

**Osteen, Jr., District Judge**

Presently before this court is a Motion to Dismiss filed by Defendants Jay Milojevich, Ken Emilio, and Gospel Rescue Mission ("Defendants"). (Doc. 16.) Defendants have filed a brief in support of their motion. (Doc. 17.) Plaintiff Brenda Lee Dawkins ("Plaintiff"), proceeding pro se, was issued a Roseboro Letter advising her of her right to respond. (Doc. 18.) Plaintiff has not responded, the time to respond has run, and the matter is now ripe for resolution. For the reasons stated herein, this court will grant Defendants' Motion to Dismiss.

---

[1] The case caption is hereby amended to reflect the correct name of Defendant Ken Emilio, (Defs.' Br. in Supp. of Mot. to Dismiss ("Defs.' Br.") (Doc. 17) at 1).

I.  **FACTUAL BACKGROUND**

The facts underlying this dispute, recited in the light most favorable to Plaintiff, are as follows. On November 12, 2014, Oregon law enforcement officers received information that the car of a bank robbery suspect from Washington State was located near the Gospel Rescue Mission ("the Mission") in Grants Pass, Oregon.[2] (Amended Complaint ("Am. Compl.") (Doc. 12) at 1.) Law enforcement contacted Defendant Jay Milojevich[3] who informed law enforcement that Plaintiff fit the description of the suspect and was staying at the Mission.[4] (Id. at 1-2.) Law enforcement approached Plaintiff in the "private women's laundry

---

[2] Defendants assert, and Plaintiff does not contest, that the Mission has its principal place of business in Oregon and owns no property outside of the state. (Defs.' Br., Aff. of Ken Emilio (Doc. 17-1) ¶¶ 3-4.) Defendants also assert, and Plaintiff does not contest, that the Mission is not registered in North Carolina, has never applied to be registered in North Carolina, provides no services within or for the state of North Carolina, and has no officers, agents, or employees who reside in North Carolina. (Id. ¶ 6.)

[3] Defendants assert, and Plaintiff does not contest, that Defendant Jay Milojevich has never lived in or traveled to North Carolina. (Defs.' Br., Aff. of Ken Emilio (Doc. 17-1) ¶ 9.)

[4] The only factual allegation in the Amended Complaint as to Defendant Ken Emilio is that he "is the administrator that oversees the duties of Defendant Jay Milojevich." (Am. Compl. (Doc. 12) at 3.) Defendants assert, and Plaintiff does not contest, that Defendant Ken Emilio resides in Oregon and has never lived in North Carolina. (Defs.' Br., Aff. of Ken Emilio (Doc. 17-1) ¶ 8.)

area" and "rushed her with guns drawn and pointed loaded guns at [her] head while yelling for her to get on the ground or we will shoot you." (Id. at 2.) Plaintiff was then handcuffed, taken to a separate building, questioned for twenty to thirty minutes, and was eventually told that she was not under arrest. (Id. at 2-3.) Plaintiff was then permitted to leave but "was unable to walk more than a block because her legs and body were shaking too bad." (Id. at 3.) Plaintiff returned to the Mission where she experienced disapproval from both staff and other Mission residents and was eventually asked to leave, resulting in her homelessness. (Id.) This caused Plaintiff to become depressed and to feel "lost" and suicidal. (Id.) Plaintiff alleges that, pursuant to a contract she signed with the Mission, Defendants were responsible for her safety, well-being, and privacy, and that this incident breached said contract. (Id. at 4.)

## II. **LEGAL STANDARD OF REVIEW**

"Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). Such a challenge may be resolved

by the court as a preliminary matter. Grayson, 816 F.3d. at 267. While this burden varies depending on the procedural posture of the case,

> when the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge. When determining whether a plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff.

Id. at 268 (citations omitted). "A plaintiff makes a prima facie showing in this context when it 'present[s] evidence sufficient to defeat a motion for judgment as a matter of law.'" Debbie's Staffing Servs., Inc. v. Highpoint Risk Servs., LLC, No. 1:17CV657, 2018 WL 1918603, at *2 (M.D.N.C. Apr. 20, 2018) (citations omitted).

A federal district court may only assert personal jurisdiction over a nonresident defendant when two conditions are satisfied: "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan,

259 F.3d 209, 215 (4th Cir. 2001) (citation omitted). North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4(1)d, is construed "to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause." Christian Sci. Bd. of Dirs., 259 F.3d at 215 (citing Century Data Sys., Inc. v. McDonald, 109 N.C. App. 425, 427, 428 S.E.2d 190, 191 (1993)). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Minimum contacts sufficient to establish personal jurisdiction over a nonresident defendant may exist by virtue of either specific jurisdiction or general jurisdiction. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). Specific jurisdiction considers instances where the nonresident defendant's "contacts with the forum also provide the basis for the suit" whereas general jurisdiction considers instances where the defendant's contacts with the state are not the basis of the suit but defendant's

contacts with the state are "continuous and systematic." See id. (citation omitted).

## III. **ANALYSIS**

Mindful of its duty to liberally construe the pleadings of pro se litigants, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this court has reviewed all of the documents before it in considering personal jurisdiction in this case. This court does not have specific jurisdiction over the nonresident Defendants in this case as the basis for the suit is a dispute that occurred entirely within the state of Oregon. Likewise, this court does not have general jurisdiction over any of the nonresident Defendants in this case as no Defendant has sufficient contacts – or any apparent contacts – with the state of North Carolina.

The only remote connection that this case has to North Carolina is that Plaintiff appears to have moved to the state after the dispute underlying the lawsuit occurred. (See Compl. (Doc. 2) at 1 (listing Plaintiff's address in Durham, North Carolina).) The fact that a plaintiff moves to a jurisdiction following the event giving rise to litigation is not sufficient to establish personal jurisdiction over nonresident defendants. See Estate of Bank v. Swiss Valley Farms Co., 286 F. Supp. 2d

514, 520 (D. Md. 2003) ("[H]aving a plaintiff domiciled in the forum state is neither a necessary nor a sufficient condition for the exercise of personal jurisdiction."); Chabot v. Kennedy, Civil Action No. 4:14-cv-04611-RBH, 2015 WL 4726987, at *6, 9 (D.S.C. Aug. 10, 2015) (granting motion to dismiss where only contact with South Carolina was that plaintiff moved there after events giving rise to the litigation occurred); see also ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 625-26 (4th Cir. 1997). Accordingly, because this court lacks personal jurisdiction over each of the nonresident Defendants in this case, Defendants' Motion to Dismiss will be granted.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (Doc. 16), is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 4th day of June, 2018.

/s/ William L. Osteen, Jr.
United States District Judge